IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REBECCA DRURY**                                                                                       **PLAINTIFF**

**v.**                                                            CIVIL ACTION NO.: 1:23cv373LG-RPM

**VERSAR NATIONAL SECURITY
SOLUTIONS LLC; AND
DYNAMO TECHNOLOGIES, LLC**                                      **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Rebecca Drury, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII of the Civil Rights Act of 1964 for sex discrimination and the ADEA for age discrimination against the Defendants, Versar National Security Solutions LLC and Dynamo Technologies, LLC who would have been joint employers of Plaintiff in the position of Logistics Supply Configuration Manager but for their acts of sex and age discrimination. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.     Plaintiff, Rebecca Drury, is an adult female citizen of Jackson County, Mississippi.

2.     Defendant, Versar National Security Solutions LLC, is a Delaware limited liability corporation licensed to do business in the state of Mississippi that may be served with process through its registered agent: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

3.     Defendant, Dynamo Technologies, LLC, is a Delaware limited liability

1

corporation licensed to do business in the state of Mississippi that may be served with process through its registered agent: C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## **JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC on February 8, 2023, a true and correct copy of which is attached as Exhibit "A."  The EEOC issued a Dismissal and Notice of Right to Sue on October 2, 2023, a true and correct copy of which is attached as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Right to Sue.

## **STATEMENT OF FACTS**

6. Plaintiff is a 67-year-old female resident of Jackson County, Mississippi.

7. Plaintiff was hired on September 19, 2018, as a Configurating Officer at Versar National Security Solutions LLC (VNSS), which subcontracted with Dynamo Technologies, LLC (DT).

8. DT is a contractor with the United States Coast Guard (USCG).

9. DT is an employer as defined by Title VII.

10. DT is an employer as defined by the ADEA.

11. On August 10, 2022, Plaintiff applied for the Logistics Supply Configuration Management position and sent her resume to DT Program Manager Jarrett Conway.

12. On August 26, 2022, Mr. Conway and VNSS Program Manager Tamera Phillips decided to MOD the contract and switch positions so they could offer Plaintiff the position of Logistics Supply Configuration Manager.

13. On September 13, 2023, SR Program Manager VNSS Tamera Phillips contacted Plaintiff and offered her the job with a start date of September 19, 2022.

14. Ms. Phillips noted that the job offer was contingent on confirmation from the Contracting Officer.

15. On September 14, 2022, CWO Bryan Ralston asked Plaintiff what job she was receiving.

16. When Plaintiff told him the Logistics Supply Configuration Manager position, Mr. Ralston replied, "That is my job."

17. On September 20, 2022, at 12:41 p.m., Ms. Phillips emailed USCG official Brandon Paz and wrote, "…Any word on when Rebecca can start the new position?".

18. On September 20, 2022, at 2:15 p.m., Mr. Pas responded to Ms. Phillips by email and wrote, "Not yet, I will go and speak with the COR [Sheila Garland] today and see if she has any updates."

19. On September 28, 2023, Ms. Phillips contacted Plaintiff and stated that DT (i.e., not VNSS) would be making the decision to fill the position.

20. On October 7, 2022, Plaintiff called DT and spoke with Corporate Operations Manager Brittney Smolka, who instructed Plaintiff to apply via the website.

21. On October 10, 2022, Plaintiff applied online for the position of Logistics Supply Configuration Manager.

22. That same day, October 10, 2022, Plaintiff received an email confirming her application.

23. It stated, "Rebecca, Thanks for applying to Dynamo Technologies. Your application has been received and we will review it right away…".

24. On October 11, 2022, Plaintiff emailed Ms. Smolka and wrote, "I did follow up and filled out an application online for the Logistic CM position in Pascagoula, MS. Please let me know if my information was received and if I can provide any other documentation for this position."

25. On October 14, 2022, Ms. Smolka emailed Plaintiff and wrote, "The recruiting team should be in touch with you soon".

26. On October 18, 2022, at 9:14 a.m., Plaintiff received an email from Human Resources Representative Betsy Adams. Ms. Adams' email stated, "Thanks for your interest in the Logistician-Configuration Management position at Dynamo Technologies. We're excited to move forward with the interview process. To help us schedule your next interview(s), please let us know when you're available by selecting the online calendar link below…".

27. On that same day, October 18, 2022, Plaintiff selected October 19, 2022, at 11 a.m. for an interview.

28. Plaintiff chose that time because she could go outside the building for lunch for the interview.

29. The building was secure, and she could not receive incoming calls.

30. On October 19, 2022, at the appointed time, Plaintiff was available to receive a call, but she did not get a call from Ms. Adams or anyone else at DT.

31. On October 19, 2022, at 1:08 p.m., Plaintiff emailed Ms. Adams and wrote, "Did I mess the scheduled telcon concerning Logistician/CM position? Should we reschedule I don't get off til 4, but could go outside the building if needed…".

32. A few minutes later, at 1:21 p.m., Ms. Adams emailed Plaintiff and responded, "I apologize I didn't see your response from yesterday. We sent emails on Friday and yesterday, and I'd tried your phone a few times, and yesterday received a "message box is full" notice when I tried to call. So, we moved forward and made a decision on the role…".

33. In the email thread to follow, Ms. Adams went on to explain in an email sent at 2:49 p.m. that "…we made an offer yesterday evening [i.e., the evening of the 18th] that was accepted this morning [i.e., the morning of the 19th].

34. Subsequently, a less qualified and significantly younger candidate, 54-year-old Bryan Ralston, was placed into the position and his start date was November 21, 2022.

35. Plaintiff contends that she has 47 years of experience in the shipbuilding industry, including 20 years of engineering experience.

36. Moreover, Plaintiff worked as a contractor for the Coast Guard beginning on January 13, 2012.

37. On February 8, 2023, Plaintiff filed an EEOC Charge of Age and Sex Discrimination against DT.

38. On May 9, 2023, in response to Plaintiff's Charge, Dynamo submitted a Position Statement to the EEOC.

5

39. DT's Position Statement alleges that Plaintiff was never an employee of DT.

40. Plaintiff concedes that she was not formally employed by DT, yet she contends that her employer, VNSS, subcontracted with DT.

41. Moreover, it was DT that made the decision to pass her over in the selection of the position and discriminate against her due to her sex and age.

42. DT's Position Statement alleges that "on October 14 and October 18, 2022, Ms. Betsy Adams (Dynamo Recruiter) tried to contact Plaintiff via email and phone to arrange for an interview, but was unable to reach her."

43. Plaintiff contends this allegation is false, as is explained more fully below.

44. DT's Position Statement alleges that "on the afternoon of October 18, Plaintiff responded via email that she was available by text only. By that time, Dynamo had already offered the position to another candidate."

45. Plaintiff contends this allegation is false.

46. Plaintiff contends, as explained above, that she applied online on October 10, 2022.

47. After that, Plaintiff reached out several times but was unable to get a response regarding her application until on October 17, 2022, Ms. Smolka stated, "the recruiting team should be in touch."

48. Then, on October 18, 2022, Plaintiff received an email from Human Resources Representative Betsy Adams.

49. Ms. Adams' email acknowledged receipt of Plaintiff's application and the need to schedule an interview on the calendar via the provided link.

50. On that same day, October 18, 2022, Plaintiff selected October 19, 2022, at 11 a.m. for an interview.

51. On October 19, 2022, at the appointed time, Plaintiff was available, but she did not get a call from Ms. Adams.

52. At 1:08 p.m., Plaintiff messaged Ms. Adams and asked her if the interview could be rescheduled. Plaintiff was then informed that DT "moved forward and made a decision."

53. DT's Position Statement alleges that "…an offer was never extended to Plaintiff and therefore, there was no rescission of an offer. Moreover, despite the Company's efforts to reach her to discuss next steps in the application process, Plaintiff was unavailable and non-responsive."

54. Plaintiff contends this allegation is false and a mischaracterization of what occurred.

55. As described above, an offer was made to Plaintiff; however, the situation changed so that DT (and not VNSS) was to fill the position.

56. From that point onward, as described above, Plaintiff complied with all directions in the application process, yet she was passed over due to discrimination against her age and sex and the position was given to a substantially younger and less qualified male candidate.

57. Plaintiff further contends, as can be observed from the referenced emails above that the following occurred between October 10-19, 2022: she applied online and received confirmation of her application's receipt on October 10, 2022; on October 18, 2022, at 9:14am, she received an emailed offer for a phone interview from Ms.

Adams; she responded that same day, October 18, 2022, and scheduled a phone interview for October 19, 2022, at 11am; she was not called by anyone from Dynamo at 11am on October 19, 2022; when she reached out to Ms. Adams later that day, Ms. Adams alleged they had tried to contact her but then went on to state "…we made an offer yesterday evening [i.e., the evening of the 18th] that was accepted this morning [i.e., the morning of the 19th].

58.     So even though Plaintiff did exactly what she was asked, i.e., when, on the 18th, she received the email offering her an interview, she scheduled the interview for the very next day [the 19th], DT offered the position to Mr. Ralston the very same day that Plaintiff was emailed the offer for an interview, i.e., the 18th.

59.     This begs the question, was there ever any real intention of giving an interview to Plaintiff?

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII – SEX DISCRIMINATION

60.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 59 above as if fully incorporated herein.

61.     Defendants have discriminated against Plaintiff because of her sex based on the facts identified above which constitutes a violation of the Title VII of the Civil Rights Act of 1964.

62.     Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, anxiety and emotional distress.

63. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

### COUNT II:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT – AGE DISCRIMINATION (ADEA)

64. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 63 above as if fully incorporated herein.

65. As described in more detail above, the Defendants discriminated against Plaintiff because of her age which constitutes a violation of the Age Discrimination in Employment Act of 1967, as amended.

66. As a result, Plaintiff has suffered lost wages, benefits and other pecuniary losses.

67. The unlawful actions of the Defendants complained of above were willful and taken in reckless disregard of the statutory rights of Plaintiff, thus entitling Plaintiff to liquidated damages pursuant to the ADEA.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages:
2. Reinstatement or future wages in lieu of reinstatement;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Attorney fees;
7. Lost Benefits;
8. Pre-judgment and post-judgment interest;
9. Costs and expenses; and

10. Such other relief as the Court deems just and appropriate.

THIS the 29th day of December 2023.

                                          Respectfully submitted,

                                        REBECCA DRURY, Plaintiff

By:   /s/ Louis H. Watson, Jr.
        Louis H. Watson, Jr. (MB# 9053)
        Nick Norris (MB# 101574)
        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com

10